(C.D. 3054)

R. H. MACY & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 6, 1967)

*Brooks & Brooks* for the plaintiff
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Upon importation from Denmark certain baby carriages covered by the above-enumerated protest were classified for duty purposes as articles or wares, not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and subjected to duty at the rate of 19 per centum ad valorem.

The claim of plaintiff is that said articles should properly have been classified as carriages in chief value of steel in paragraph 397 of said act, as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by the Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, for which duty at the rate of 17 per centum ad valorem is provided.

The parties hereto have stipulated and agreed to the following facts—

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, defendant, that the merchandise marked "A" and initialed VP by Commodity Specialist Vincent Phipps (Commodity Specialist's Name) on the invoices included with the entry covered by the above captioned protest, consists of baby carriages assessed for duty at the rate of 19 per centum ad valorem under the provisions of paragraph 397, Tariff Act of 1930, as modified by T.D. 54108, as partially or wholly manufactured articles, composed wholly or in chief value of steel, and not specially provided for.

IT IS FURTHER STIPULATED AND AGREED that prior to the time the involved entry was made, August 29, 1962, the rate of duty applicable to such baby carriages was reduced to 17 per centum ad valorem, effective July 1, 1962, pursuant to T.D. 55615 and T.D. 55649.

In view of the agreed facts of record, the phraseology of the provision, as modified, and the dictionary definitions of the word "carriage," we hold that the items of merchandise marked "A" and initialed as aforesaid should properly have been classified as carriages, in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified by Presidential Proclamation No. 3468 and supplemented by Presidential Proclamation No. 3479, *supra*, and duty imposed thereon at the rate of 17 per centum ad valorem. That claim in the protest is, therefore, sustained. As to all other merchandise and all other claims, the protest is overruled.

Judgment will be entered accordingly.